GODBOLD, Chief Judge:
 

 FACTS
 

 Appellant is a licensed orthopedic surgeon. Since 1979 he has practiced medicine in Florida as an employee of a professional association (hereafter P.A.), of which he is the sole director, officer, and stockholder. The P.A. has employed no one in addition to appellant for most of the time that it has been incorporated.
 

 In 1979 the P.A. created two pension plans pursuant to 29 U.S.C. §§ 1001,
 
 et seq.
 
 (1982) (ERISA) and 26 U.S.C. §§ 401,
 
 et seq.
 
 (1982), both established as trusts naming the P.A. as settlor, appellant as trustee, and P.A. employees as beneficiaries. Provisions in the trusts prohibited any assignment or alienation of the beneficiaries’ interests but reserved in the settlor the power to amend or terminate the trusts. The terms of the trusts permitted employees to borrow trust funds. The P.A. and appellant contributed to the trusts. Appellant’s earnings as a surgeon constituted the funds contributed by the P.A.
 

 Appellant filed a Chapter 7 bankruptcy petition on September 3, 1982. He claimed that the two trusts were excluded property according to 11 U.S.C. § 541(c)(2) (1982).
 
 [1]
 
 The bankruptcy court rejected his position, holding that the trusts would be included in the property of the estate and therefore could be subject to creditors’ claims. On appeal the district court affirmed.
 

 This appeal followed. We hold that the trusts were not excluded property under § 541(c)(2) and, in addition, could not be exempted under 11 U.S.C. § 522(b)(2)(A) (1982).
 
 [2]
 
 The district court’s decision is therefore affirmed.
 

 DISCUSSION
 

 I.
 

 Under § 541 of the Bankruptcy Code, all property in which a debtor has a legal or equitable interest at the time of bankruptcy comes into the estate. 11 U.S.C. § 541(a)(1) (1982). What constitutes a legal or equitable interest is broadly construed. One exception to the sweeping scope of § 541(a) is § 541(c)(2).' It preserves restrictions on the transfer of a beneficial interest of the debtor in a trust which is enforce
 
 *1490
 
 able under applicable nonbankruptcy law and thus prevents such an interest from inclusion in the property of the estate.
 

 Relying primarily on legislative history,
 
 [3]
 
 courts have generally interpreted the section’s reference to “applicable nonbank.ruptcy law” as applying only to state law concerning spendthrift trusts.
 
 See, e.g., Matter of Goff,
 
 706 F.2d 574 (5th Cir.1983);
 
 see also In re Graham,
 
 726 F.2d 1268 (8th Cir.1984);
 
 Matter of La Fata,
 
 41 B.R. 842 (Bankr.E.D.Mich.1984);
 
 Matter of Berndt,
 
 34 B.R. 515 (Bankr.N.D.In.1983);
 
 Matter of Kelley,
 
 31 B.R. 786 (Bankr.N.D.Ohio 1983);
 
 In re DiPiazza,
 
 29 B.R. 916 (Bankr.N.D.Ill.1983).
 
 But see In re Pruitt,
 
 30 B.R. 330 (Bankr.D.Colo.1983). We too hold that “applicable nonbankruptcy law” refers only to state spendthrift trust law. Therefore, ERISA-qualifying pension plans containing anti-alienation provisions are excluded pursuant to section 541(c)(2) only if they are enforceable under state law as spendthrift trusts.
 
 See Matter of Goff,
 
 706 F.2d 574 (5th Cir.1983);
 
 cf. In re Kelleher,
 
 12 B.R. 896 (Bankr.M.D.Fla.1981).
 

 Florida law recognizes and enforces as spendthrift trusts those trusts:
 

 that are created with a view of providing a fund for the maintenance of another, and at the same time securing it against his own improvidence or incapacity for self-protection. The provisions against alienation of the trust fund by the voluntary act of the beneficiary, or invitum by his creditors, are the usual incidents of such trusts.
 

 Croom v. Ocala Plumbing & Electric Co.,
 
 62 Fla. 460, 465, 57 So. 243, 244 (1911);
 
 see also Waterbury v. Munn,
 
 159 Fla. 754, 32 So.2d 603 (1947). Because the purpose of a spendthrift trust is to protect the beneficiary from himself and his creditors, such a trust fails where the beneficiary exercises “absolute dominion” over the property of the trust.
 
 See Croom,
 
 62 Fla. at 466, 57 So. at 244-45.
 

 Although the two pension plans in the instant case contain anti-alienation provisions,
 
 [4]
 
 they are not spendthrift trusts under Florida law.
 
 [5]
 
 While appellant as beneficiary cannot assign or alienate his interest in the trusts, he as sole officer and director of the settlor P.A. can amend or terminate the trusts. That appellant can only amend or terminate the pension plans in his capacity as agent for the P.A. is not important here. He alone enjoys the authority to act, whether as an agent of the settlor or in his own right as trustee and beneficiary. He therefore enjoys “absolute dominion” over the property of the trusts. The reasons for creating and enforcing spendthrift trusts would not be served if we were unwilling to look beyond legal forms in this ease.
 
 Cf. Matter of Witlin,
 
 640 F.2d 661, 663 (5th Cir.1981) (“There is ... a strong public policy that will prevent any person from placing his property in what amounts to a revocable trust for his own benefit which would be exempt from the claims of his creditors.”).
 

 We therefore hold that because the pension plans in the instant case are not spendthrift trusts, they are not excluded from the property of the estate under § 541(c)(2).
 

 II.
 

 Although the two trusts come into the bankruptcy estate, we must examine whether they could be exempted out pursuant to 11 U.S.C. § 522 (1982). That section
 
 *1491
 
 permits a debtor to choose either the federal exemptions listed at § 522(d) or those provided by state law and also “any property that is exempt under Federal law, other than subsection (d) of this section.... ” § 522(b)(2)(A). Florida law, however, eliminates the federal exemptions option of § 522(d).
 
 See
 
 Fla.Stat.Ann. § 222.20 (West Supp.1984). Therefore, the trusts in the instant ease will only be exempted if ERI-SA-qualified pension plans fall under § 522(b)(2)(A). We agree with the Fifth Circuit that Congress did not intend to exempt such plans under this section.
 
 See Matter of Goff,
 
 706 F.2d 574, 585 (5th Cir.1983);
 
 Matter of Turpin,
 
 644 F.2d 472, 474 n. 1 (5th Cir.1981) (dicta).
 

 The House and Senate reports on § 522(b)(2)(A) provide a list of property that can be exempted under federal laws.
 
 [6]
 
 ERISA-qualified pension plans are not included. Although Congress may not have intended the list to be exhaustive, the failure to include ERISA is nonetheless indicative of congressional intent. Congress knew of the much-debated and comprehensive statute when it issued the House and Senate reports on § 522(b)(2)(A) in 1977 and 1978, and yet it did not include ERISA in those reports.
 
 Matter of Goff,
 
 706 F.2d at 585;
 
 see also In re Graham,
 
 726 F.2d 1268, 1274 (8th Cir.1984). Congress, however, did refer to ERISA in other sections of the Bankruptcy Code. Of particular importance is ERISA’s inclusion within the alternative federal exemptions listed in § 522(d).
 
 [7]
 
 The failure to mention ERISA in connection with § 522(b) was intentional.
 
 Matter of Goff,
 
 706 F.2d at 585.
 

 Furthermore, excluding ERISA-qualified pension plans from the list of property exempted under federal law is consistent with an important distinction between exempted property and property covered by ERISA. Despite the similarity between the anti-alienation provisions of ERISA and some of the listed statutes, the “pensions, wages, benefits and payments included in the ... list are all peculiarly federal in nature, created by federal law or related to industries traditionally protected by the federal government. In sharp contrast, ERISA regulates private employer pension systems.”
 
 In re Graham,
 
 726 F.2d at 1274. It is this “peculiarly federal nature” shared by the cited statutes that identifies and determines which federal statutes are to be included within the “other federal law” exemption of § 522 and which, like ERISA, are to be excluded.
 
 See Matter of Goff,
 
 706 F.2d at 586. The failure to mention ERISA in the legislative history accompanying § 522(b)(2)(A) is, therefore, both purposeful and reasoned.
 
 See In re La Fata,
 
 41 B.R. 842 (Bankr.E.D.Mich.1984);
 
 Matter of Kelley,
 
 31 B.R. 786
 
 *1492
 
 (Bankr.N.D.Ohio 1983).
 
 But see In re Hinshaw,
 
 23 B.R. 233 (Bankr.D.Kan.1982) (ER-ISA-qualified pension plans are exempt under § 522(b)(2)(A)). Thus we conclude that appellant could not exempt the two trusts from the bankruptcy estate under § 522(b)(2)(A).
 

 The trust funds are neither excluded nor exempted property. The district court’s decision is AFFIRMED.
 

 [1]
 

 . Section 541(c) states:
 

 (c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision—
 

 (A) that restricts or conditions transfer of such interest by the debtor; or
 

 (B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or the taking possession by a trustee in a case under this title or a custodian, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor’s interest in property.
 

 (2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.
 

 [2]
 

 . Section 522(b) provides in part that:
 

 (b) [n]otwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—
 

 (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
 

 (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor’s domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place....
 

 11 U.S.C. § 522(b)(1), (2)(A) (1982).
 

 [3]
 

 .Both House and Senate reports expressly limit section 541(c)(2) to spendthrift trusts. The House Report, moreover, states that the Bankruptcy Code of 1978 “continues over the exclusion from property of the estate of the debtor’s interest in a spendthrift trust to the extent the trust is protected from creditors under applicable State law.” H.R.Rep. No. 595, 95th Cong., 2d Sess. 176,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6136; S.Rep. No. 989, 95th Cong., 2d Sess. 83,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5869.
 

 [4]
 

 . We do not now decide whether or not those provisions qualify the pensions under ERISA for the special tax treatment of 26 U.S.C. § 401 (1982).
 

 [5]
 

 . We assume for the purpose of discussion that the plans are valid trusts. We do not apply the merger doctrine even though appellant is both the trustee and the only beneficiary because the terms of the trust provide for an open class of beneficiaries, of which appellant is currently the only member.
 

 [6]
 

 . Property exempted includes:
 

 Foreign Service Retirement and Disability payments, 22 U.S.C. § 1104;
 

 Social security payments, 42 U.S.C. § 407; Injury or death compensation payments from war risk hazards, 42 U.S.C. § 1717;
 

 Wages of fishermen, seamen, and apprentices, 46 U.S.C. § 601;
 

 Civil service retirement benefits, 5 U.S.C. §§ 729, 2265;
 

 Longshoremen’s and Harbor Workers’ Compensation Act death and disability benefits, 33 U.S.C. § 916;
 

 Railroad Retirement Act annuities and pensions, 45 U.S.C. § 228(L);
 

 Veterans benefits, 45 U.S.C. § 352(E);
 

 Special pensions paid to winners of the Congressional Medal of Honor, 38 U.S.C. § 3101; and
 

 Federal homestead lands on debts contracted before issuance of the patent, 43 U.S.C. § 175.
 

 See
 
 S.Rep. No. 989, 95th Cong., 2d Sess. 75,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5861; H.R.Rep. No. 595, 95th Cong., 2d Sess. 360,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5963, 6316.
 

 [7]
 

 . 11 U.S.C. § 522(d)(10)(E) (1982) exempts:
 

 (E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—
 

 (i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor’s rights under such plan or contract arose;
 

 (ii) such payment is on account of age or length of service; and
 

 (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408, or 409).