**In re Bruce W. MUMM, Debtor.**

**Bankruptcy No. 85–00285–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

June 26, 1985.

Louis X. Amato, Esquire, Naples, Fla., for debtor.

Steven H. Friedman, Miami, Fla.

Jeanette E. Tavormina, North Miami, Fla., trustee.

## ORDER ON TRUSTEE'S OBJECTION TO EXEMPTION

A. JAY CRISTOL, Bankruptcy Judge.

This cause came on to be heard on June 11, 1985, pursuant to 11 U.S.C. § 522 of the Bankruptcy Code and B.R. 4003(b), and this court after hearing testimony and examining the exhibits, finds as follows:

## FINDINGS OF FACT

1. Since May 1977, the debtor has been a beneficiary of the Investment Properties Corporation Profit Sharing Plan and Trust (hereafter referred to as "Plan"). The value of the debtor's interest in Plan and the value of the assets contained in the debtor's segregated account, is approximately $75,000. The debtor's interest in the Plan is fully vested.

2. The debtor was an employee of Investment Properties Corporation (hereafter referred to as "IPC"), from 1976 to 1982.

3. The bulk of the assets constituting the debtor's account in the Plan, consists of interests in real property and mortgage receivables. The majority of the real estate and mortgage receivables were acquired for the benefit of the debtor after he left employment with IPC. In all instances, the debtor made the determination as to which properties to invest Plan funds for his benefit. In no instance did the trustee of the Plan refuse to comply with the debtor's investment decision.

4. Since ceasing employment with IPC, the debtor has borrowed a total of $30,000 from his account in the Plan. At least five separate loans were made to the debtor from his account in the Plan and the debtor determined when and how much was loaned from his account. The trustee of the Plan never refused a loan request from the debtor.

5. IPC and the trustee of the Plan, as a matter of practice and policy, would pay, upon demand, to any beneficiary of the Plan, his vested interest in the Plan when the beneficiary was no longer employed with IPC. The trustee of the Plan testified that the debtor, because he was no longer employed with IPC, could demand at any time that the trustee convey all the property in the debtor's account in the Plan to the debtor.

## CONCLUSIONS OF LAW

1. The debtor's ability to require the trustee of the Plan to convey to the debtor his entire interest in the Plan, together with the debtor's prior course of conduct in connection with the administration of the Plan, show that the debtor had absolute dominion and control over the assets held for his benefit in the Plan. Accordingly, the debtor's beneficial interest in the Plan fails as a spendthrift trust under state law. *Croom v. Ocala Plumbing and Electric Co.*, 62 Fla. 460, 57 So. 243 (1911).

■ 2. The debtor's interest in the Plan, not being enforceable under state law as a spendthrift trust, is not excluded from the debtor's bankruptcy and not exempt property. See *In re Lichstrahl,* 750 F.2d 1488 (11th Cir.1985).

■ 3. Debtor submits that § 514(a) of the Retirement Equity Act of 1984 effectively overrules *In re Lichstrahl,* supra. The court does not believe that Congress intended ERISA to be preemptive in this case. Nowhere in ERISA is there any reference to the Bankruptcy Code or *Lichstrahl.* Debtor's preemption argument would have been viable if Congress would have amended the pertinent provisions of the Bankruptcy Code, §§ 541(c)(1)(A) and 522 and not ERISA.

Accordingly, it is ORDERED:

1. The trustee's objection to property claimed as exempt is sustained.

2. The debtor's claimed exemption of his interest in the Investment Properties Corporation Profit Sharing Plan and Trust and the same, is disallowed. The trustee is directed to recover and administer the subject property for the benefit of the estate's creditors.