**In re Gary Lee GUERNSEY and Carol June Guernsey, Debtor(s).**

**Daniel L. BAKST, Trustee, Plaintiff,**

**v.**

**Carol June GUERNSEY and Eberhard Foods, Inc., Defendants.**

**Bankruptcy No. 84–01760–BKC–TCB.**

**Adv. No. 85–0907–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Sept. 27, 1985.

Joel Aresty, W. Palm Beach, Fla., for defendant Eberhard Foods, Inc.

Brad Culverhouse, Fort Pierce, Fla., for defendant Carol June Guernsey.

Leslie Gern Cloyd, W. Palm Beach, Fla., for Trustee, plaintiff Daniel Bakst.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee in this chapter 7 case seeks a turnover order under 11 U.S.C. § 542 requiring the defendant company to pay $11,250 allegedly owed to the defendant debtor under the company stock ownership plan. The defendants have answered, denying that they owe anything. Defendants assert a counterclaim for the cancellation and recision of an assignment by the debtor of her right, title and interest in the plan and seek the return to the debtor of any contributions owed to the plan which may have been turned over to the trustee. The matter was tried on July 30.

The debtor executed an assignment of her interest in the Eberhard Food, Inc. Employee Stock Ownership Plan in favor of the trustee on February 4, 1985. The debtor asserts that:

"at the time she executed the instrument that she was unaware that the terms of the stock ownership plan prevented her from making such an assignment."

The defendants seek a determination that the stock ownership plan is not property of the estate pursuant to the exception for spendthrift trusts under § 541(c)(2). This section provides that:

"A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."

The plan in question was established by the company for the benefit of its employees. It contains an anti-alienation provi-

sion. The debtor voluntarily terminated her employment with Eberhard in October 1983. She filed for bankruptcy on September 19, 1984. The trustee claims the debtor's interest in the plan as property of the estate and seeks payment of the amount the debtor could have claimed as an "early distribution" under the plan.

The parties have cited numerous cases relevant to the issue of whether the interest in an ERISA-qualified pension plan is property of a bankruptcy estate. In the most recent and binding determination in this Circuit, the court held that:

"ERISA-qualifying pension plans containing anti-alienation provisions are excluded pursuant to section 541(c)(2) only if they are enforceable under state law as spendthrift trusts."

*Lichstrahl v. Bankers Trust (in re Lichstrahl),* 750 F.2d 1488, 1490 (11th Cir. 1985).

Eberhard is a Michigan corporation. The parties have stipulated that Michigan law applies. The validity of spendthrift trusts under Michigan law is not questioned. The general principle under Florida law stated by the court in *Lichstrahl* is applicable here:

"Because the purpose of a spendthrift trust is to protect the beneficiary from himself and his creditors, such a trust fails where the beneficiary exercises 'absolute dominion' over the property of the trust." *Id.*

In arguing that this is not a spendthrift trust, the trustee points to provisions in the trust which allow the beneficiaries to elect distribution after termination of employment and seek advanced payments in emergency or financial necessity. However, the beneficiaries' requests under these provisions are subject to committee approval and the "hardship" provision is not applicable to this debtor whose interest is not 100% vested. I cannot find from these facts that the debtor has absolute dominion over the trust property.

The decision in *Goff v. Taylor (Matter of Goff),* 706 F.2d 574, 589 (5th Cir.1983) in dictum points to the conclusion that I have ultimately reached, that this employer-created and controlled plan is a spendthrift trust. The court states that there is a significant difference between a self-settled Keogh plan of a self-employed individual and:

"employer-created funds in which the beneficiary employee has little or no control during the term of his employment, and may only withdraw funds upon termination of employment."

I agree with the defendants that the Eberhard plan is a spendthrift trust and, therefore, not property of the bankruptcy estate. The provisions against alienation of a trust fund by the voluntary act of the beneficiary, or against the demands of his creditors, are the usual incidents of spendthrift trusts. *Fla.Jur.*2d, Trusts § 36 n. 27. The debtor's assignment to the trustee is, therefore, invalid.

The relief sought by the defendants' counterclaim is granted. It follows that the defendants are entitled to judgment cancelling the assignment. The trustee's complaint is dismissed with prejudice. As is required by B.R. 9021(a), a separate judgment will be entered to that effect. Costs may be taxed on motion.