**In re Thomas M. FORBES and Shirley A. Forbes, Debtors.**

**Irving E. GENNET, Trustee, Plaintiff,**

**v.**

**ICMA RETIREMENT CORPORATION, Thomas M. Forbes and Shirley A. Forbes, Defendants.**

Bankruptcy No. 84–01605–BKC–TCB.
Adv. No. 86–0348–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

July 23, 1986.

Ackerman, Bakst, Gundlach, Lauer & Zwickel, P.A., West Palm Beach, Fla., for plaintiff.

Stuart I. Levin, Miami, Fla., for defendants.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The trustee seeks $12,340 from the debtors under 11 U.S.C. § 542(a). This sum was received by the debtor husband in August 1985, one year after bankruptcy, August 24, 1984, under a Deferred Compensation Plan provided by his former employer. The debtors and the administrator of the Plan have answered and the matter was tried on July 8.

Section 542(a) requires turnover to the trustee "of property that the trustee may use, sell, or lease under § 363" and requires that the property or its value be delivered to the trustee and accounted for. Section 363(b), in turn, relates to "property of the estate." The issue, therefore, is whether the sum in question equals or represents the proceeds of "property of the estate."

The debtor has argued that his benefits under the Plan are excluded from the property of the estate by § 541(c)(2) which excludes the debtor's beneficial interest in a trust which contains:

A restriction on the transfer ... that is enforceable under applicable nonbankruptcy law. § 541(c)(2).

I conclude that the Plan and its proceeds are excluded from the property of this bankruptcy estate as a spendthrift trust under § 541(c)(2).

Florida gives effect to spendthrift trusts. The trust created by this Plan contains a non-assignability provision and, therefore, purports to be a spendthrift trust. However, as was noted in *Lichstrahl v. Bankers Trust (In re Lichstrahl)*, 750 F.2d 1488, 1490 (11th Cir.1985):

> such a trust fails where the beneficiary exercises "absolute dominion" over the property of the trust.

In that case the beneficiary was held to enjoy "absolute dominion" over the property of the trust because he could "amend or terminate the pension plans". Such a trust, as the court noted, does not serve the purposes of a spendthrift trust and:

> There is ... a strong public policy that will prevent any person from placing his property in what amounts to a revocable trust for his own benefit which would be exempt from the claims of his creditors.

The Plan in question here, unlike the plan in *Lichstrahl*, can only be terminated by the beneficiary if he elects to quit his job. Although this option lay within the absolute control of Forbes, this option did not give Forbes "absolute dominion" over the property of the trust because during the term of his employment he had no control, and employment termination is a significant restraint upon withdrawal of his benefits. *Goff v. Taylor (In re Goff)*, 706 F.2d 574, 589 (5th Cir.1983).

I have not overlooked a recent decision in *In re Wiggins*, 60 B.R. 89 (Bankr.N.D.Ohio 1986), even though this case has not been relied upon by the trustee. The court held that employee retirement funds that were exempt from inclusion in the bankruptcy estate under § 541(c)(2) would become property of the estate:

> if the debtor becomes entitled to any funds from the pension ... plan as the result of termination of his employment during the pendency of this case.

I decline to follow my colleague's holding because his construction of § 541(a)(1) and (c)(2) effectively nullifies the provision in § 541(c)(2). That construction must be avoided if possible. *General Motors Acceptance Corp. v. Whisnant*, 387 F.2d 774, 778 (5th Cir.1968).

I conclude, therefore, that Forbes' equitable interest in his Deferred Compensation Plan, including the benefits he has received from the Plan are excluded from the property of his bankruptcy estate and the trustee is entitled to no recovery from the debtors.

Accordingly, the trustee's complaint is dismissed with prejudice. As is required by B.R. 9021(a), a separate judgment will be entered to that effect.