**In re Mike J. ZABELSKI & Debra K. Zabelski, Debtor(s).**

**Bankruptcy No. 87–07227.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

Jan. 7, 1988.

**90**

Elwin W. Thrasher, Tallahassee, Fla., for debtors.

W. Kirk Brown, Tallahassee, Fla., trustee.

## ORDER ON OBJECTION TO EXEMPTION

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

THIS MATTER is before the Court on the Trustee's Objection to the Exemption claimed by these Chapter 7 debtors of their interest in pension and profit sharing plans sponsored by their employer.

Both debtors are employed by Centel, and as such are participants in the Centel Employees' Stock Ownership Plan (ESOP). The Plan is a qualified plan under the Employee Retirement Income Security Act of 1974 (ERISA) and is administered for the benefit of Centel employees by an administrative committee appointed by the Board of Directors to administer the Plan. As is required by ERISA (26 U.S.C. § 401(a)(3) and 29 U.S.C. § 1056(d)), the Centel ESOP contains a spendthrift clause which prohibits assignment or alienation of the benefits provided thereunder.

Pursuant to § 541(c)(2) of the Bankruptcy Code (11 U.S.C. § 541(c)(2)), such a plan is excluded from the debtor's estate to the extent it is recognized as a spendthrift trust by state law. *In re Lichstrahl*, 750 F.2d 1488 (11th Cir.1985). Thus, the particular plan provisions must be examined to determine whether or not this Plan does in fact qualify as a spendthrift trust under the law of Florida.

It is well established that "such a trust fails where the beneficiary exercises 'absolute dominion'" over the property of the trust. *In re Lichstrahl*, 750 F.2d at 1490. The question presented for determination here is whether the fact that pursuant to § 9.1 of the Centel ESOP the debtors may receive distribution under the Plan upon termination of their employment is sufficient dominion over the property of the trust to disqualify the Plan as a valid spendthrift trust. This question was squarely addressed by Chief Bankruptcy Judge Britton of the Southern District of Florida in *In re Forbes*, 65 B.R. 58 (Bkrtcy. S.D.FL 1986). In that case Judge Britton followed the 5th Circuit case of *Goff v. Taylor (In re Goff)* 706 F.2d 574 (5th Cir. 1983) in holding that the option to terminate the Plan only upon termination of employment is such a significant restraint upon withdrawal of benefits that such option did not give the debtor "absolute dominion" over the property in the Plan.

We agree with the reasoning of Judge Britton and the authority of the 5th Circuit in *Goff, supra* and therefore hold that the ability of any employee to receive distribution under an employer administered ERISA qualified plan upon termination of employment does not defeat the spendthrift nature of the trust and accordingly the debtors' interests in such a plan are excluded from their estate in bankruptcy pursuant to § 541(c)(2). Accordingly, it is

HEREBY ORDERED AND ADJUDGED that the trustee's objection to the debtors' exemptions be, and the same is hereby denied.