In re Marjorie Ann **KNOWLES** a/k/a Marjorie Evans Knowles, Kathleen P. Johnson p/k/a Kathleen P. Newton, Thomas Charles Janis and Bethanie Jerles Janis, Debtors.

**Bankruptcy Nos. 90–06469–8P7, 90–07217–9P7 and 90–06212–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 3, 1991.

430

Gary A. Carnal, St. Petersburg, Fla., for Thomas Charles Janis and Bethanie Jerles Janis.

Ralph Jay Harpley, Tampa, Fla., Trustee, for Thomas Charles Janis and Bethanie Jerles Janis.

Jeffrey W. Leasure, Fort Myers, Fla., for Kathleen P. Johnson.

Diane L. Jensen, Fort Myers, Fla., Trustee, for Kathleen P. Johnson.

Shirley C. Arcuri, Tampa, Fla., for Marjorie Ann Knowles.

V. John Brook, Junior, St. Petersburg, Fla., Trustee, for Marjorie Ann Knowles.

Norman Davidson, Tampa, Fla., for Trustee for Marjorie Ann Knowles.

## ORDER ON OBJECTIONS TO CLAIMS OF EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THESE ARE Chapter 7 liquidation cases and the matters under consideration are Objections filed by the Trustee in each case to the Debtors' claims that funds held in their respective ERISA-qualified retirement plans are exempt from administration by the Trustees pursuant to Florida Statute § 222.21(2)(a), 11 U.S.C. § 522(b)(2)(A), and 11 U.S.C. § 522(d)(10)(E). The Court has considered the Objections, together with the Debtor's responses and argument of counsel, and now finds and concludes as follows:

### In re Knowles

Marjorie Ann Knowles (Knowles) filed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on June 29, 1990, Case No. 90–6469. On her B–4 Schedule, Knowles claimed her interest in a pension plan with Macfarlane, Ferguson, Allison & Kelly (Macfarlane, Ferguson) as exempt pursuant to Florida Statutes, Chapter 222 [sic]. Knowles values her interest in the Plan at $12,174.30. The Debtor also claims that the Plan qualifies as a spendthrift trust and that it is not property of the estate pursuant to 11 U.S.C. § 541(c)(2),

Fla.Stat. § 222.201, and Fla.Stat. § 222.21 [sic].

The Macfarlane, Ferguson Benefit Plan and Trust in which the Debtor Knowles has an interest provides employees with an opportunity to set aside and accumulate savings over a long period of time. The Plan provides that the company may make matching contributions in an amount which varies with the amount of the employee's contribution. The Plan also provides that the participating employee is eligible to receive the Plan benefits upon retirement, disability, death, or upon reaching age 55. If the employee is terminated before normal retirement date for reasons other than disability, early retirement, or death, the employee is entitled to receive the value of his vested interest in the Plan. The Plan also provides that a participant may borrow up to 50% of his vested portion of the Plan.

### In re Johnson

Kathleen P. Johnson (Johnson) filed her voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on July 24, 1990, Case No. 90–7217. On her B–4 Schedule, Johnson claimed her interest in an employee profit sharing Plan with Fuller and Lane, M.D., P.A., (Fuller and Lane) as exempt pursuant to Florida Statutes § 222.14, § 222.18, § 222.201, § 222.21; 29 U.S.C. § 1056; and 11 U.S.C. § 522(b)(2)(a) [sic]. Johnson also claims that the Plan in which she has an interest qualifies as a spendthrift trust, and she values her interest in the Plan at $6,113.00.

The Fuller and Lane Plan also provides employees with an opportunity to set aside and accumulate savings over a long period of time. It is undisputed that under the Fuller and Lane Plan, participants can reach their vested interests at any time.

### In re Janis

Thomas Charles Janis and Bethanie Jerles Janis (Janis') filed their voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on June 25, 1990, Case No. 90–6212. On their B–4 Schedule, the Janis' claimed Bethanie Jerles Janis' interest in an ERISA-qualified profit sharing

plan and trust agreement as an exempt asset. The Debtors value Mrs. Janis' interest in the Plan at $70,400.00. The Debtors claim that the Plan qualifies as a spendthrift trust, and, thus, Mrs. Janis' interest in the Plan is not property of the estate.

The John H. Harland Company Profit Sharing Plan and Trust Agreement in which the Debtor Janis has an interest also provides employees with an opportunity to accumulate savings similar to that provided in the Macfarlane, Ferguson benefit Plan. However, unlike the Macfarlane, Ferguson Plan, the John H. Harland Plan specifically provides that distributions for hardship reasons or borrowing against an interest in the Plan is not permitted. Mrs. Janis can only reach her interest in the Plan upon death, retirement, or disability.

The Trustees for the respective estates subsequently objected to the Debtors claiming the funds in their ERISA Plans as exempt, contending that the funds currently held on behalf of the Debtors in their Plans are, in fact, property of the estate, subject to administration, and cannot be claimed as exempt, notwithstanding *Fla. Stat.* § 222.21(2)(a), 11 U.S.C. § 541(c)(2), and 11 U.S.C. § 522(b)(2)(A) and (d)(10)(E).

In opposition, as noted above, the Debtors, Knowles, Johnson and the Janis', contend that the funds in their Plans are not property of the estate as the Plans constitute spendthrift trusts excluded from the scope of § 541 of the Bankruptcy Code by virtue of § 541(c)(2). In the alternative, Johnson claims that the Plan is exempt pursuant to 11 U.S.C. § 522(b)(2)(A). Johnson and Knowles both claim that the Trustees' Objections should be overruled and the Debtors' claims of the Plans as exempt should be allowed based on *Fla.Stat.* § 222.21(2)(a). Similarly, the Janis' claim that the Trustee's objection should be overruled; however, they rely solely on 11 U.S.C. § 541(c)(2).

### *11 U.S.C.* § 541(c)(2)

The threshold question in resolving these matters is whether or not the Debtors' interests in the Plans are even property of the estate under 11 U.S.C. § 541. 11 U.S.C. § 541 provides:

... except as provided in subsection (b) and (c)(2) of this section, all legal and equitable interests of the debtor in property as of the commencement of the case are properties of the estate.

In turn, § 541(c)(2) provides that

a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

Thus, it is necessary to first consider whether the Plans under consideration constitute spendthrift trusts under Florida law. As noted by this Court in *In re Martin* and *In re Langford,* 119 B.R. 297 (Bankr.M.D.Fla.1990), and cases cited therein, courts generally have not classified interests in ERISA Plans as spendthrift trusts because the debtor usually has the ability to reach and manipulate his interests in the Plan, even if to do so would terminate the debtor's employment and interest in the Plan. Further, courts have considered the fact that the employee may generally borrow against the Plan and may withdraw the employee's contributions to the Plan under certain circumstances.

Under Florida law, the purpose of a spendthrift trust is to protect the beneficiary not only from himself, but also from his creditors. *Croom v. Ocala Plumbing & Electric Co.,* 62 Fla. 460, 57 So. 243 (1911). The typical spendthrift trust bars the voluntary or involuntary alienation of the beneficiary's interest in his right to receive the trust income. *Waterbury v. Munn,* 159 Fla. 754, 32 So.2d 603 (1947). Where the beneficiary has the ability to require the trust administrator to convey trust property to him or her, the beneficiary has dominion and control over the trust res sufficient to defeat the validity of the spendthrift trust.

Thus, the ultimate question is whether the Debtors' ability to reach their respective interests in the Plans rises to the level of asserting a degree of dominion and control over their funds in the Plans sufficient to negate the spendthrift character of these Plans.

■ As noted earlier, Mrs. Janis may only reach her interest in the Plan with the John H. Harland Company upon reaching age 55, death, or disability. She is not able to manipulate her interest in the Plan in any other manner; specifically, she may not borrow against her interest in the Plan and she may not withdraw funds based on a hardship. This Court is satisfied that this amount of dominion and control over the funds in the Plan is not sufficient to destroy the spendthrift character of the Plan, and this Plan does qualify as a spendthrift trust under Florida law. Thus, the Trustee's Objections regarding Mrs. Janis' Plan should be overruled as this Plan is not property of the estate.

■ In contrast, under their Plans, the Debtors Johnson and Knowles may reach their vested interests in the Plan upon termination of employment, whether by quitting, death, retirement, disability, or upon reaching the age of 55. Additionally, Knowles can borrow against her vested interest in the Plan, while Johnson can reach her entire interest in the Plan at any time. These features of the Plans that permit Johnson and Knowles to reach or borrow against their vested interests are certainly inconsistent with any recognized characteristics of a classical spendthrift trust under Florida law. Based on the foregoing, this Court is satisfied that the Macfarlane, Ferguson Plan and the Fuller and Lane Plan are not spendthrift trusts, thus, the funds in the Plans are property of the estate. This Court will address the merits of other arguments relied on by the Debtors Knowles and Johnson.

### *Fla.Stat.* § 222.21(2)(a)

■ It is urged by the Debtors Knowles and Johnson that even assuming their interests in the Plans are property of the estate, they are exempt pursuant to *Fla. Stat.* § 222.21(2)(a). This Section, enacted by the Florida Legislature in 1987, provides as follows:

> (2)(a) Except as provided in paragraph (b), any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in a retirement or profit-sharing plan that is qualified under s. 401(a), s. 403(a), s. 403(b), s. 408, or s. 409 of the Internal Revenue Code of 1986, as amended, is exempt from all claims of creditors of the beneficiary or participant.

The availability of this exemption provided by the Statute to Florida residents has been considered by this Court in cases such as *In re Gardner,* 118 B.R. 860 (Bankr.M. D.Fla.1990); *In re Bryant,* and *In re Partsch,* 106 B.R. 727 (Bankr.M.D.Fla. 1989); and *In re Sheppard* and *In re Polombo,* 106 B.R. 724 (Bankr.M.D.Fla.1989), where this Court ordered that based on the decision of the Supreme Court in *Mackey v. Lanier Collections Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), ERISA preempts *Fla. Stat.* § 222.21(2)(a) and thus, *Fla.Stat.* § 222.21(2)(a) is void. In *Mackey,* the Supreme Court held that a Georgia statute which purported to immunize funds in a 401–K plan from garnishment asserted by a creditor was invalid by virtue of the doctrine of federal preemption, based on § 514(a) of ERISA [29 U.S.C. § 1144(a)] which provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter IV of this chapter *shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan* as described in section 1003(a) of this title and not exempt under section 1003(b) of this title. (emphasis added)

It follows that because *Fla.Stat.* § 222.21(2)(a) "relates to" ERISA and is therefore preempted, the Debtors' argument in this regard must fail.

### *11 U.S.C.* § 522(b)(2)(A)

■ To escape the inescapable conclusion that the funds in the ERISA plans may not be claimed and allowed as exempt pursuant to *Fla.Stat.* § 222.21(2)(a), the Debtor Johnson also relies on 11 U.S.C. § 522(b), which permits a debtor to choose either the federal exemptions listed in 11 U.S.C. § 522(d) or those provided by state law *and* also "any property that is exempt

under Federal law, other than subsection (d) of this section ..." § 522(b)(2)(A). Thus, the Debtor contends that because of the anti-alienation provisions in ERISA plans required by the Internal Revenue Code, ERISA itself creates a specific non-bankruptcy federal exemption within the meaning of § 522(b)(2)(A).

Under the prevailing authority in this Circuit, this argument must also fail. As stated by the Eleventh Circuit Court of Appeals in *In re Lichstrahl*, 750 F.2d 1488 (11th Cir.1985),

> The House and Senate reports on § 522(b)(2)(A) provide a list of property that can be exempted under federal laws. ERISA-qualified pension plans are not included. Although Congress may not have intended the list to be exhaustive, the failure to include ERISA is nonetheless indicative of congressional intent. Congress knew of the much-debated and comprehensive statute when it issued the House and Senate reports on § 522(b)(2)(A) in 1977 and 1978, and yet it did not include ERISA in those reports. *Matter of Goff*, 706 F.2d [574] at 585 [ (5th Cir.1983) ]; *see also In re Graham*, 726 F.2d 1268, 1274 (8th Cir.1984). Congress, however, did refer to ERISA in other sections of the Bankruptcy Code. Of particular importance is ERISA's inclusion within the alternative federal exemptions listed in § 522(d). The failure to mention ERISA in connection with § 522(b) was intentional. *Matter of Goff*, 706 F.2d at 585.

*Id.* at 1491.

The court in *Lichstrahl* went on to note that the list of property exempted under federal law, which includes Social Security payments, wages of fishermen, Railroad Retirement Act benefits, Foreign Service Retirement and Disability payments, among others, can be distinguished from ERISA benefits. ERISA was designed by Congress to regulate private employer pension plans, while the list of exemptions referred to in the legislative history of § 522(b)(2)(A) are all "peculiarly federal in nature, created by federal law or related to industries traditionally protected by the federal government." *Id.* at 1491, quoting *In re Graham, supra*, 726 F.2d at 1274. Based on the foregoing, the Eleventh Circuit Court of Appeals concluded that § 522(b)(2)(A) did not provide a non-bankruptcy federal exemption. *See also In re Daniel*, 771 F.2d 1352 (9th Cir.1985); *In re Graham*, 726 F.2d at 1268; and *In re Goff, supra. But see contra In re Messing*, 114 B.R. 541 (Bankr.E.D.Tenn.1990).

Based on the controlling authority in this Circuit, this Court is satisfied that ERISA does not qualify as a separate federal exemption for purposes of 11 U.S.C. § 522(b)(2)(A).

### *11 U.S.C.* § 522(d)(10)(E) and *Fla.Stat.* § 222.201(1)

■ The Debtor Knowles and Johnson also rely on *Fla.Stat.* § 222.201(1) in seeking to have their interest in the Plans exempted from the reach of creditors. This Statute provides:

> Notwithstanding s. 222.20, an individual debtor under the federal Bankruptcy Reform Act of 1978 may exempt, in addition to any other exemptions allowed under state law, any property listed in subsection (d)(10) of s. 522 of that act.

In turn, 11 U.S.C. § 522(d)(10)(E) provides an exemption for the debtor's right to receive:

> a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—
>
> (i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time of the debtor's rights under such plan or contract arose;
>
> (ii) such payment is on account of age or length of service; and
>
> (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. § 401(a), 403(b), 408 or 409).

Thus, the argument is that as Florida has essentially opted back in to a limited extent

and made 11 U.S.C. § 522(d)(10) available to Florida debtors, their ERISA plans are exempt under § 522(d)(10)(E) and not subject to administration by the Trustee.

Even assuming without admitting that Florida, through the enactment of *Fla. Stat.* § 222.201(1), may selectively opt back into the federal exemption scheme provided by § 522(d) of the Bankruptcy Code, which is a proposition with serious doubt, there is nothing in this record to establish that the Debtors' rights to payments under the plans are actually on account of illness, disability, death, age or length of service, nor have they argued that the payments are necessary for their support or the support of their dependents. Therefore, any argument in this regard must fail.

■ The Debtor Johnson also relies on *Fla.Stat.* § 222.14, which deals with the exemption of the cash surrender value of life insurance policies, and *Fla.Stat.* § 222.18, which deals with exempting disability income benefits from legal process. Additionally, she relies on 29 U.S.C. § 1056, which deals with the form and payment of benefits under certain plans. However, none of these statutes are applicable.

Upon consideration of the foregoing, this Court is satisfied that the Trustees' Objections in the cases of Marjorie Ann Knowles and Kathleen Johnson should be sustained, and the Debtors' claims of their interest in the Plans as exempt should be disallowed. The Trustee's Objection in the case of Thomas Charles Janis and Bethanie Jerles Janis should be overruled, and the Debtors' claim of their interest in the Plan as exempt should be allowed. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustees' Objections in the cases of Marjorie Ann Knowles and Kathleen Johnson to the Debtors' claims of their interests in their respective Plans as exempt be, and the same are hereby, sustained. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection in the case of Thomas Charles Janis and Bethanie Jerles Janis to the Debtors' claim of the interest of Bethaniè Jerles Janis in her Plan as exempt be, and the same is hereby,

overruled and the Debtors' claim of exemption is allowed. It is further

ORDERED, ADJUDGED AND DECREED that the claims by Marjorie Ann Knowles and Kathleen Johnson of their interests in their respective Plans as exempt property be, and the same are hereby, disallowed, and the Trustees shall proceed to administer the funds in the Plans for the benefit of the estates.

DONE AND ORDERED.