In re David M. **FULLMER** and Linda L. Fullmer, Debtors.

No. 90–C–662W.
Bankruptcy No. 89B–06063.

United States District Court,
D. Utah, C.D.

May 9, 1991.

Matthew M.F. Hilton, St. George, Robert G. Norton, Salt Lake City, Utah, for debtors David M. and Linda L. Fullmer.

Stephen W. Rupp, Mona L. Lyman, Salt Lake City, Utah, for appellee.

## ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

WINDER, District Judge.

This matter is before the court on debtors' appeal of a United States Bankruptcy Court decision dated June 20, 1990, 115 B.R. 311. The court heard this appeal on April 4, 1991. Appellant debtors, David and Linda Fullmer ("debtors" or the "Fullmers"), were represented by Matthew M.F. Hilton and Robert G. Norton. Appellee and trustee of the bankruptcy estate, Stephen W. Rupp, was represented by Mona Lyman. Before the hearing, the court carefully reviewed the briefs submitted by the parties and other pertinent papers in the file. Being fully advised about the law and the facts, the court now affirms the decision of the bankruptcy court.

## BACKGROUND

On October 6, 1989, the debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Originally, the debtors asserted an exemption for Mr. Fullmer's

employer-sponsored 401(k) plans under Utah Code Ann. § 78–23–6 (1987) in addition to certain federal exemptions. They later amended their claim to include an exemption for those plans under Utah Code Ann. § 78–23–5(1)(j) (1987 & Supp.1990). The trustee objected to the debtors' asserted state and federal exemptions. After a hearing, the Bankruptcy Court sustained the trustee's objection, finding Mr. Fullmer's retirement plans to be part of the debtors' estate, and denying the debtors their claimed exemptions. From those rulings the debtors have appealed to this court.

## DISCUSSION

This court must accept the Bankruptcy Court's findings of fact unless they are clearly erroneous. Bankr.R. 8013; *In re Rasmussen*, 888 F.2d 703, 704 (10th Cir. 1989). Additionally, this court must make a *de novo* review of the Bankruptcy Court's legal conclusions. *In re Rasmussen*, 888 F.2d at 704.

■ The issues presented in this appeal are (1) whether the Bankruptcy Court erred by holding that the debtors' interest in Mr. Fullmer's ERISA retirement plans constituted property of their bankruptcy estate and that no federal exemptions applied to those plans; and (2) whether the Bankruptcy Court erred by holding that debtors' claimed state exemptions, which were provided for in Utah Code Ann. §§ 78–23–5(1)(j) and 78–23–6, were preempted by ERISA. As these are purely legal questions, this court will apply a *de novo* standard of review to the Bankruptcy Court's conclusions.

A. *Debtors' ERISA accounts are included in their bankruptcy estate and fall under no federal exemption.*

Upon the filing of a bankruptcy petition, "all legal or equitable interest of the debtor in property as of the commencement of the case" is captured into the bankruptcy estate. 11 U.S.C. § 541(a)(1) (1979 and Supp. 1991). With the exception of property described in subsections 541(b) and (c), all

property is captured—even property to which exemptions apply and that the debtor needs for a fresh start. *Matter of Goff*, 706 F.2d 574, 578 (5th Cir.1983). After the estate is determined, property necessary to the debtor's fresh start and that qualifies for an exemption may be removed from the estate. *Id.* at 579–81.

■ Debtors argue that their ERISA accounts were statutorily excluded at the outset from their bankruptcy estate. In so arguing, debtors rely on section 541(c)(2), which provides that:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

11 U.S.C. § 541(c)(2) (1979 and Supp.1991).

The Tenth Circuit Court of Appeals has not interpreted the term "applicable nonbankruptcy law" as used in section 541(c)(2). The other circuits disagree on the scope of the term. The majority view, which relies primarily on the legislative intent underlying section 541(c), is that "applicable nonbankruptcy law" refers only to traditional state spendthrift trust law. *See Daniel v. Security Pac. Nat'l Bank (In re Daniel)*, 771 F.2d 1352, 1360 (9th Cir.1985), *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); *Lichstrahl v. Bankers Trust (In re Lichstrahl)*, 750 F.2d 1488, 1490 (11th Cir.1985); *Samore v. Graham (In re Graham)*, 726 F.2d 1268, 1271 (8th Cir.1984); *Goff v. Taylor (Matter of Goff)*, 706 F.2d 574, 581–82 (5th Cir.1983); *see also In re Kerr*, 65 B.R. 739, 743–45 (Bankr.D.Utah 1986); *but see Anderson v. Raine (In re Moore)*, 907 F.2d 1476, 1477 (4th Cir.1990) ("applicable non-bankruptcy law" means all laws, state and federal, under which a transfer restriction is enforceable); *Forbes v. Lucas (In re Lucas)*, 924 F.2d 597, 601–03 (6th Cir.1991) (anti-alienation provisions of ERISA, if enforceable against general creditors, are enforceable against a bankruptcy trustee, thus excluding ERISA-qualified funds from the estate). This court is persuaded by the majority view and therefore holds that pension plans are excluded from property of

the estate only if they are enforceable under state law as spendthrift trusts.

The Fullmers do not dispute that their ERISA plans are unenforceable as spendthrift trusts under Utah law. R. 32 and Bankr.Ct. decision at 315–16. Consequently, section 541(c)(2) does not exclude the ERISA plans in this case from the bankruptcy estate of the debtors. Because the debtors' ERISA plans necessarily were included in their bankruptcy estate, only an exemption could remove them from the estate.

Debtors contend that § 522(b)(2)(A) allows them to claim such an exemption. That section allows a debtor to claim as exempt

> any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition....

11 U.S.C. § 522(b)(2)(A) (1979 and Supp. 1991). Utah, however, has opted out of the federal exemptions scheme. Utah Code Ann. § 78–23–15 (1987). Thus, federal exemptions, including those found in § 522(d), are unavailable to the Fullmers.

Among the exemptions found in § 522(d) is § 522(d)(10)(E), which provides a pension benefit exemption available to debtors who opt for the federal exemptions. Because Utah opted out of the federal scheme, however, the Fullmers may not avail themselves of § 522(d)(10)(E), which otherwise would have exempted Mr. Fullmer's ERISA plans. See Graham, 726 F.2d at 1272 (§ 522(d)(10)(E) exemption applies to non-ERISA plans as well as to qualified ERISA plans).

■ Additionally, even if the federal exemptions were open to the Fullmers, funds in an ERISA plan do not constitute property exempt under "federal law other than § 522(d)," and thus do not fall within the broad exemption of § 522(b)(2)(A). The commentary to § 522 lists illustrations of federal exemptions falling within the meaning of "federal law other than subsection (d)." ERISA is not within the list. The statutes that are listed in the legislative history deal with public, government-sponsored retirement systems, but ERISA deals primarily with regulation of private retirement plans. See In re Lichstrahl, 750 F.2d at 1491; In re Graham, 726 F.2d at 1274; Matter of Goff, 706 F.2d at 586; see generally Radford, Implied Exemptions to the ERISA Prohibitions Against the Forfeiture and Alienation of Retirement Plan Interests, 1990 Utah L.R. 685, 744.

As to ERISA'S absence from the illustrative list in the commentary to § 522, the Fifth Circuit further opined in Matter of Goff, 706 F.2d 574 (5th Cir.1983), that:

> The failure of Congress to include ERISA in its listing of illustrative federal statutes is highly probative of congressional intent that ERISA was not within the group of "federal law" based exemptions. ERISA, a comprehensive and much-debated statute with sweeping coverage was enacted in 1974; the House and Senate reports on the subsequently enacted Bankruptcy Code Section 522(b)(2)(A) were issued in 1977 and 1978, respectively. Congress knew of the previously-enacted ERISA when drafting Section 522(b)(2)(A), yet neither the House nor the Senate deemed fit to include it within their respective illustrative lists.

Id. at 585. See also In re Daniel, 771 F.2d at 1361 (same); In re Graham, 726 F.2d at 1272 (Commission on Bankruptcy Laws was motivated by rationale of limiting exemptions for private ERISA plans to "reasonable support").

Mr. Fullmer's ERISA funds originally were captured into the bankruptcy estate and are not saved by any federal exemption.

B. *ERISA preempts Utah Code Ann. §§ 78–23–5(1)(j) and 78–23–6, foreclosing those exemptions from the Fullmers.*

The debtors argue that Mr. Fullmer's ERISA plans, even if they are included in the estate and are not saved by a federal exemption, are exempted under Utah Code Ann. §§ 78–23–5(1)(j) (1987 & Supp.1990) and 78–23–6 (1987). The trustee argues

and the bankruptcy court held that preemption by ERISA forecloses the debtors from claiming those Utah statutory exemptions.

■ In 29 U.S.C. § 1144(a), ERISA provides that its provisions:

shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan described in Section 1003(a) of this title and not exempt under Section 1003(b) of this title.

29 U.S.C. § 1144(a) (1985 & Supp.1990) (emphasis added). ERISA preempts all state law relating to it, including statutes, regulations, codes and decisional law. *Peckham v. Bd. of Trustees of Int'l Bhd. of Painters*, 719 F.2d 1063, 1065 (10th Cir. 1983).

■ The language of § 1144(a) is broad, and does not restrict ERISA's preemptive effect to only those state laws with which it conflicts. Even state law that furthers ERISA's purposes is preempted because § 1144(a) "displaces all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements." *Mackey v. Lanier Collections Agency*, 486 U.S. 825, 829, 108 S.Ct. 2182, 2185, 100 L.Ed.2d 836 (1988).

■ Sections 78–23–5(1)(j) and 78–23–6 of the Utah Code "relate to" ERISA. Indeed, § 78–23–5(1)(j) refers to ERISA-qualified plans and creates a full exemption from execution for such benefits. Although ERISA itself is silent about the effect of bankruptcy on its anti-alienation provisions, §§ 78–23–5(1)(j) and 78–23–6 of the Utah Exemptions Act seek to affect the amount of a pension plan a debtor can retain after filing bankruptcy. Most of the bankruptcy courts that have considered this issue have held that, under the Supreme Court's holding in *Mackey*, ERISA preempts state exemption statutes.[1] This court concurs with that reading of *Mackey*.

Debtors find no valid exemptions for Mr. Fullmer's ERISA funds in §§ 78–23–5(1)(j) and 78–23–6, as those sections relate to and are preempted by ERISA.[2]

Accordingly, the Bankruptcy Court's inclusion of Mr. Fullmer's ERISA funds among the assets in debtors' bankruptcy estate, without state or federal exemption, hereby is affirmed.

Based on the foregoing and good cause appearing,

IT IS HEREBY ORDERED as follows:

1. The Order including Mr. Fullmer's ERISA funds in his bankruptcy estate is AFFIRMED.

2. This order shall suffice as the court's ruling in this matter and no further need be prepared by counsel.

---

1. *See In re Martin*, 115 B.R. 311 (Bankr.D.Utah 1990); *In re Conroy*, 110 B.R. 492 (Bankr.D. Mont.1990); *In re Burns*, 108 B.R. 308 (Bankr. W.D.Okla.1989); *In re Sellers*, 107 B.R. 152 (Bankr.E.D.Tenn.1989); *In re Flindall*, 105 B.R. 32 (Bankr.D.Ariz.1989); *In re McLeod*, 102 B.R. 60 (Bankr.S.D.Miss.1989).

2. Although the Bankruptcy Code exempts ERISA benefits to the extent reasonably necessary for debtors' fresh start, it is undisputed in the present case that the Fullmers' combined income, absent the debt they discharged in bankruptcy, is sufficient to support them.