In re Dennis J. HENNESSEY, Debtor.

Bankruptcy No. 91–40179–JFQ.

United States Bankruptcy Court,
D. Massachusetts.

Feb. 3, 1992.

Stephan M. Rodolakis, Peters & Erskine, Worcester, Mass., Trustee.

Carl Aframe, Worcester, Mass., for debtor.

## OPINION

JAMES F. QUEENAN, Jr., Chief Judge.

Relying upon a Massachusetts statute, Dennis J. Hennessey (the "Debtor") seeks to exempt from the bankruptcy estate his retirement benefits under the profit sharing plan maintained by his employer, the Melville Corporation. The benefits are now worth about $100,000. The trustee in bankruptcy, Stephen M. Rodolakis (the "Trustee"), has filed an objection to the exemption, contending that the Massachusetts statute is pre-empted by the Employee Retirement Income Security Act ("ERISA"), Pub.L. No. 93–406, 88 Stat. 829 (codified as amended at 29 U.S.C. §§ 1001 *et seq.* (1988)). Although I conclude that ERISA pre-empts the Massachusetts statute, I nevertheless allow the Debtor to exempt his retirement benefits based upon an exemption provided by ERISA itself.

Treatment of retirement benefits in bankruptcy has reached the arcane. The present issue is but one of several that can arise. In combination, they form a jigsaw puzzle which cries out for clarification by Congress. For example, I have previously held that benefits under a retirement trust are not excluded from the bankruptcy estate as beneficial trust interests subject to restriction on transfer within the meaning of the provision excluding such interests appearing in 11 U.S.C. § 541(c)(2) (1988). *In re Nadler*, 122 B.R. 162 (Bankr.D.Mass. 1990). In seeking to harmonize § 541(c)(2) with § 522(d)(10)(E) granting a limited exemption for retirement benefits, *Nadler* interprets § 541(c)(2) to refer to trusts which do not provide retirement benefits, disagreeing with the majority of courts who place no such limitations on the statute and struggle to apply traditional spendthrift law to retirement trusts. In light of *Nadler*, the Debtor relies on his exemption rights under § 522.

Judge Kenner of this court has held that retirement benefits may be claimed as exempt under the federal non-bankruptcy law exemption provided by § 522(b)(2)(A), and that ERISA grants such an exemption. *In re White*, 131 B.R. 526 (Bankr.D.Mass. 1991). The Debtor's bankruptcy filing pre-

ceded *White,* so that he made his exemption claim without the benefit of *White* in mind, relying only on the Massachusetts statute. As shall be seen, however, in deciding the present question of pre-emption it is also necessary to resolve the issue dealt with in *White.*

## I. THE FEDERAL AND STATE STATUTORY FRAMEWORK

The Bankruptcy Code permits a debtor to elect either the exemptions which it provides or the exemptions granted by state law and other federal law. 11 U.S.C. § 522(b) (1988). Its provision for an exemption under state law and other federal law permits a debtor to exempt:

> ... any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition ..."

11 U.S.C. § 522(b)(2)(A) (1988).

Section 522(b)(1) allows a state to restrict its residents to the exemptions provided under its laws. Massachusetts is not among the states which have taken this action, so that its residents continue to have the election. In providing an unrestricted exemption for retirement benefits, the Massachusetts statute, which is quoted in the margin,[1] is more generous that the Bankruptcy Code, whose exemption is limited to retirement benefits "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

§ 522(d)(10)(E). This is obviously why the Debtor elected his Massachusetts exemptions.

ERISA regulates retirement plans, which it calls "pension plan[s]," and any so-called "welfare plan[s]," which are defined as plans providing benefits for hospitalization, death, disability, and the like; ERISA refers to a plan of either variety as an "employee benefit plan." 29 U.S.C. § 1002 (1988). ERISA contains a provision affecting creditors' rights concerning pension plans, but not welfare plans. With exceptions for voluntary assignments and so-called "qualified domestic relations orders," ERISA states that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated." ERISA § 206(d), 29 U.S.C. § 1056(d) (1988). This command has been construed through regulations of the Secretary of the Treasury to prohibit garnishment of retirement benefits by the creditors of a participant. *E.g., Guidry v. Sheet Metal Workers Nat. Pension Fund,* 493 U.S. 365, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990) (ERISA prohibits constructive trust of retirement benefits, with *dicta* disapproving garnishment); *Tenneco Inc. v. First Virginia Bank of Tidewater,* 698 F.2d 688 (4th Cir.1983); *General Motors Corp. v. Buha,* 623 F.2d 455 (6th Cir.1980).

ERISA has its own pre-emption provisions, so that we need not rely only upon general principles flowing from Article VI, clause 2 of the Constitution.[2] Section 514(a) of ERISA, 29 U.S.C. § 1144(a) (1988), provides in pertinent part:

---

**1.** Mass.Ann.Laws ch. 235, § 34 (Law.Co-op Supp.1990) provides:

The right or interest of any person in an annuity, pension, profit sharing or other retirement plan or individual retirement account maintained in accordance with the federal Employee Retirement Income Security Act of 1974 or in any annuity or similar contract purchased with assets distributed from any of the foregoing, shall be exempt from the operation of any law relating to insolvency and shall not be attached or taken on execution or other process to satisfy any debt or liability of such person, except as may be necessary to satisfy (i) an order of a court concerning divorce, separate maintenance or

child support under chapters two hundred and eight, two hundred and nine and two hundred and seventy-three or (ii), in the event of the conviction of such person of a crime, an order of court requiring him to satisfy a monetary penalty or make restitution to the victim of such crime.

**2.** U.S. Const. art. VI, cl. 2 states in relevant part:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof ... shall be the supreme Law of the Land, and Judges in every state shall be bound thereby, anything in Constitution or Laws of any State to the contrary notwithstanding.

[T]he provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan....

Section 514(d) of ERISA (29 U.S.C. § 1144(d)) states:

Nothing in this title shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States ... or any rule or regulation issued under any such law.

This statutory framework raises two questions. Does the Massachusetts statute "relate to" an employee benefit plan within the meaning of the pre-emption provision appearing in § 514(a)? And, if it does, under § 514(d) would pre-emption of the Massachusetts statute "invalidate, impair or supersede" § 522 of the Bankruptcy Code?

## II. PRE–EMPTION UNDER SECTION 514(a)

■ Any one of three features of the Massachusetts statute is sufficient to bring it within the general sweep of § 514(a) of ERISA. Taken together, they compel the conclusion that the statute is one which does "relate to" an employee benefit plan under § 514(a). The Massachusetts statute singles out ERISA retirement benefits for special treatment, duplicates ERISA, as construed by the courts, in prohibiting creditors from attaching or levying upon retirement benefits, and, finally, conflicts with ERISA in not making an exception for qualified domestic relations orders.

■ State law may not single out for special treatment benefits under a plan governed by ERISA, even if the law does not directly conflict with ERISA and is designed to help effectuate ERISA's underlying spirit. This is the clear teaching of *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). That case involved a plan providing vacation and holiday benefits, which is a so-called employee "welfare" plan falling outside the ERISA anti-assignment provision governing only employee "pension" plans. A Georgia statute prohibited garnishment (except for alimony or child support) of benefits from a "pension, retirement or employee benefit plan or program subject to the provisions of [ERISA]." The Court concluded that ERISA pre-empted the Georgia statute because the statute expressly sought to affect benefits included within the ERISA regulatory scheme, even though ERISA contains no prohibition against assignment of welfare benefits as opposed to retirement benefits. The Court regarded the singling out of ERISA plans as fatal. The distinction between a law which affects ERISA benefits by singling them out and one which affects them only through general provision is underscored by the other holding in *Mackey*, which permitted garnishment of the welfare benefits under the general Georgia garnishment statute.

In a similar vein is *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). One of the laws before the Court there was the New York Human Rights Law forbidding discrimination in employment, including discrimination in employee benefit plans on the basis of pregnancy. The court stated that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has connection with or reference to such a plan." *Id.* at 96–97, 103 S.Ct. at 2900. Conceding that ERISA regulates the administration of plans and does not seek to prohibit discrimination, the Court nevertheless held that the New York statute fell within § 514(a) because the statute sought to regulate the very same employee benefit plans governed by ERISA. *Id.* at 98, 103 S.Ct. at 2900–01.

The Massachusetts statute contains additional defects not present in *Mackey* or *Shaw*. It seeks to duplicate ERISA's prohibition against garnishment of retirement benefits. Federal law displaces any attempt by the state to enact the same regulation. *Fidelity Federal Savings & Loan Assn. v. De La Cuesta*, 458 U.S. 141, 153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982). And the Massachusetts statute commits perhaps the cardinal sin in the federal-state relationship. Its provisions conflict with ERISA in that they contain no exception for qualified domestic relations orders. Al-

though the Massachusetts statute permits creditor process designed to enforce "an order of a court concerning divorce, separate maintenance or child support," it does not limit such process to the order defined in § 514(d) of ERISA as a "qualified domestic relations order." For example, under § 514(d) the order must furnish the name and last known mailing address of the participant, the amount or percentage of the participant's benefits included under the order, and the number of payments or period to which the order applies. Also, the order must not require the plan to provide a type or form of benefit not available under the plan. The apparent purpose of these requirements is to mitigate the administrative burden imposed upon a plan administrator by domestic relations orders. The Massachusetts statute does none of this. As a consequence, a plan administrator could receive an order which is enforceable under the Massachusetts statute but not under ERISA.

Application of § 514(a) cannot be avoided in bankruptcy by considering the Massachusetts statute as having two independent provisions, one granting an exemption in bankruptcy and the other prohibiting attachment or levy outside of bankruptcy, with preemption not applying in bankruptcy because of the absence of a court order imposed upon the plan administrator. In a purely literal sense, the statute does have these two aspects. The principle enunciated in *Mackey*, however, would still apply, because ERISA benefits are singled out for a bankruptcy exemption.

As is true of just about all issues concerning the treatment of retirement plans in bankruptcy, there is disarray in the decisions concerning ERISA's pre-emptive effect. An apparent majority of the decisions conclude as I do that Section § 514(a) applies for some or all of the reasons given here. *E.g., In re Siegel*, 105 B.R. 556 (D.Ariz.1989); *In re Morrow*, 122 B.R. 151 (Bankr.M.D.Fla.1990); *In re Martin*, 115 B.R. 311 (Bankr.D.Utah 1990), *aff'd In re Fullmer*, 127 B.R. 55 (D.Utah 1991); *In re Conroy*, 110 B.R. 492 (Bankr.D.Mont.1990); *In re Bryant*, 106 B.R. 727 (Bankr. M.D.Fla.1989); *In re Weeks*, 106 B.R. 257 (Bankr.E.D.Okla.1989); *In re Flindall*, 105 B.R. 32 (Bankr.D.Ariz.1989); *In re Komet*, 104 B.R. 799 (Bankr.W.D.Tex.1989).

Other courts, without resort to the pre-emption exception pertaining to impairment of federal law contained in § 514(d), hold that there is no pre-emption because the state statute merely defines property interests without regulating the terms and conditions of a plan, so that its relationship to ERISA is too tenuous. *E.g., In re Dyke*, 119 B.R. 536 (S.D.Tex.1990), *aff'd* 943 F.2d 1435 (5th Cir.1991); *In re Volpe*, 100 B.R. 840 (Bankr.W.D.Tex.1989), *aff'd* 120 B.R. 843 (W.D.Tex.1990), *aff'd* 943 F.2d 1451 (5th Cir.1991). These decisions rely in part upon *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987), which upheld a Maine statute requiring that employment termination benefits be paid by an employer who ceases operations. *Fort Halifax*, however, is a slender reed to rely upon in this context. The Court there based its decision on the absence of any existing employee benefit plan regulated by the statute, a factor which even on those facts failed to persuade the four dissenters. The statute in the present case obviously seeks to affect plans now in operation.

## III. FEDERAL LAW IMPAIRMENT EXCEPTION TO ERISA PRE-EMPTION

■ The question remains whether preemption is avoided under the exception contained in § 514(d) of ERISA concerning impairment of a federal law such as § 522 of the Bankruptcy Code. Because of its clash with ERISA in its failure to recognize qualified domestic relations orders, the Massachusetts statute can clearly have no effect outside of bankruptcy. But the Debtor argues that its operation in bankruptcy should be saved because otherwise the election of state exemptions pursuant to § 522 would be impaired. There is authority supporting the proposition that principles of pre-emption may require only partial pre-emption of a state statute. *In re Kennedy*, 785 F.2d 1553, 1555 (11th Cir. 1986).

It is true that state exemption laws are an integral part of the statutory scheme under § 522. That section does more than permit a debtor to elect state exemptions. It also permits a state to decide that its residents will not have the right to elect the exemptions granted under § 522(d); a number of states have passed such laws "opting out" of the § 522 exemptions. ERISA pre-emption of the retirement benefit exemptions provided by these states would leave no retirement benefit exemption at all, unless, as discussed later, the exemption were found to exist in ERISA itself as another federal exemption available under § 522(b)(2)(A).

Prescinding from any exemption available under subsection (b)(2)(A), the circumstances here are analogous to those before the Court in *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Relying upon the exception to pre-emption contained in § 514(d), the Court there saved a portion of the New York Human Rights Law which prohibited employment practices that are also prohibited by Title VII of the Civil Rights Act of 1964, including discrimination based upon pregnancy. The Court reasoned that pre-emption as to these practices would impair Title VII because of the dependence of Title VII upon state agencies in its provisions permitting the Equal Employment Opportunity Commission to refer complaints to such agencies. As to practices prohibited by the New York law but not by Title VII, the Court took a different view, holding that Title VII was neutral concerning them, so that it was not impaired by pre-emption of the New York law.

Section 522 can hardly be said to be neutral concerning state exemption statutes. Its grant to a debtor of the right to elect between state exemptions and the 522(d) exemptions is similar to the dual enforcement by state and federal agencies of the same discriminatory practices dealt with in *Shaw*. Indeed, in those states which have opted out of the § 522(d) exemptions, the case would be stronger than *Shaw* because pre-emption would mean that no exemption whatsoever would be available for retirement benefits, which is akin to removal of both state and federal agencies charged with prohibiting discrimination under Title VII.

I nevertheless conclude that pre-emption of the Massachusetts statute does not impair § 522. Section 522, it will be recalled, permits a debtor to elect an exemption provided by federal law other than the Bankruptcy Code, in addition to electing his state exemptions. As discussed below, the anti-assignment provision of ERISA is such a law, so that § 522 is effective to permit the claimed exemption even with pre-emption of the Massachusetts statute. ERISA therefore entirely pre-empts the Massachusetts statute.

## IV. SECTION 206(d) OF ERISA AS A FEDERAL EXEMPTION UNDER SECTION 522(b)(2)(A)

■ A number of courts, clearly a majority, have declined to view the anti-assignment provision of ERISA as a non-bankruptcy federal exemption law available for election by a debtor under § 522(b)(2)(A). They recognize for the most part that although ERISA only requires the plan to provide "that benefits ... may not be assigned or alienated," it has been construed to include a prohibition against garnishment of benefits by creditors of participants. But these courts are swayed by the committee reports on § 522(b)(2)(A) which refers to items such as social security benefits, civil service retirement benefits and other enumerated benefits but make no mention of benefits under other retirement plans regulated by ERISA. To them, the failure of the committee reports to list ERISA benefits is fatal. *See, e.g., In re Daniel*, 771 F.2d 1352, 1359–61 (9th Cir. 1985), *cert. denied* 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); *In re Lichstrahl*, 750 F.2d 1488, 1491 (11th Cir. 1985); *In re Graham*, 726 F.2d 1268, 1274 (8th Cir.1984); *In re Goff*, 706 F.2d 574, 581–86 (5th Cir.1983); *In re Gaines*, 121 B.R. 1015, 1019 (W.D.Mo.1990); *In re Gribben*, 84 B.R. 494, 497 (S.D.Ohio 1988); *In re Knowles*, 123 B.R. 428, 433 (Bankr. M.D.Fla.1991); *In re Morrow*, 122 B.R. 151, 155 (Bankr.M.D.Fla.1990); *In re McIn-*

*tosh,* 116 B.R. 277, 280 (Bankr.N.D.Okla. 1990); *In re Alagna,* 107 B.R. 301, 314 (Bankr.D.Colo.1989); *In re Loe,* 83 B.R. 641, 646 (Bankr.D.Minn.1988).

■ There is a fallacy to this interpretation. Not only does it place legislative history above what appears to be a plain statutory command, it does so based upon legislative history which by its terms contains only an illustrative list of the items covered. The language of a statute "is not to be regarded as modified by examples set forth in the legislative history." *Pension Benefit Guaranty Corporation. v. LTV Corp.,* 496 U.S. 633, 110 S.Ct. 2668, 2677, 110 L.Ed.2d 579 (1990).

A few recent decisions, including that of my colleague Judge Kenner, disagree with the majority and permit benefits under an ERISA plan to be claimed as exempt "under Federal law" pursuant to § 522(b)(2)(A). *E.g., In re White,* 131 B.R. 526 (Bankr.D.Mass.1991); *In re Starkey,* 116 B.R. 259 (Bankr.D.Colo.1990); *In re Komet,* 104 B.R. 799 (Bankr.W.D.Tex. 1989).

I align myself with *In re White* and its kindred decisions. I do so not just because of the considerations set forth above. In states that have opted out of the 522(d) exemptions, allowance of an ERISA exemption under § 522(b)(2)(A) is the only way that retirement benefits may be exempted. Otherwise, the benefits would become entirely available to creditors no matter how necessary they might be for the debtor's support. This would clearly be a frustration of the intent of Congress that some form of retirement benefit exemption be available under either state law or § 522(d)(10)(E).

■ Even though the Debtor specified only the Massachusetts statute in claiming his exemption, it would be most unfair not to allow him the exemption afforded by ERISA. It is ERISA, after all, which makes the Massachusetts statute unavailable. Absent prejudice to creditors, moreover, an exemption may ordinarily be claimed at any time before the case is closed. *In re Doan,* 672 F.2d 831 (11th Cir.1982); *In re Andermahr,* 30 B.R. 532 (Bankr. 9th Cir.1983); *In re Alesia,* 28 B.R. 46 (Bankr.N.D.Ill.1982). The trustee is not prejudiced by such an amendment. He has been on notice from the beginning that the Debtor seeks to exempt the benefits, and he has briefed the question of an ERISA exemption under § 522(b)(2)(A).

A separate order has issued disallowing the Debtor's claim for exemption under the Massachusetts statute by reason of preemption but granting the debtor an exemption for his retirement benefits under § 206(d) of ERISA.