**In re David L. PRINTY, Debtor.**

**Bankruptcy No. 94–12270–JNF.**

United States Bankruptcy Court,
D. Massachusetts.

Aug. 30, 1994.

449

Joseph S.U. Bodoff, Boston, MA, for debtor David L. Printy.

Mary DeNevi, Boston, MA, for Dean Witter Reynolds.

## MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

### I. PROCEDURAL BACKGROUND:

The debtor, David L. Printy (the "debtor") filed a voluntary Chapter 11 petition on April 7, 1994 and remains a debtor in possession. In his Schedules Of Assets and Liabilities, specifically Schedule C–Property Claimed as Exempt, the debtor claimed as exempt $80,000 of his interest in an individual retirement account ("IRA") at Richfield Bank with an approximate balance of $150,000 pursuant to 11 U.S.C. § 522(b)(2) and Mass.Gen.Laws Ann. ch. 235, § 34A (West Supp.1994). On May 27, 1994, Dean Witter Reynolds, Inc. ("Dean Witter"), a creditor of the debtor, filed an objection to the claimed exemption of the IRA, in which it argued that the Massachusetts statute is preempted by ERISA.[1] On July 6, 1994 the Court held a hearing on the objection at which time the parties agreed that none of the facts are in dispute. The Court directed the parties to file briefs on the propriety of the exemption. Upon consideration of the undisputed facts and the memoranda submitted by the parties, the Court makes the following conclusions of law.

1. Dean Witter does not argue that the debtor's exemption of his IRA exceeds the exemptions

### II. DISCUSSION:

Section 522 of the Bankruptcy Code permits a debtor to exempt certain property from the bankruptcy estate and authorizes states to specify exempt property. 11 U.S.C. § 522(b)(1) and (2). As Massachusetts is not a so-called "opt-out" state, a debtor in this state may elect either the state exemptions or the federal exemptions under section 522(d). Here, the debtor has claimed his IRA account as exempt under Massachusetts law which provides:

The right or interest of any person in an annuity, pension, profit sharing or other retirement plan maintained in accordance with the federal Employee Retirement Income Security Act of 1974, or in any annuity or similar contract purchased with assets distributed from any of the foregoing, or in any plan maintained by an individual as a Keough Plan, a Simplified Employee Plan, or an Individual Retirement Account shall be exempt from the operation of law relating to insolvency and shall not be attached or taken on execution or other process to satisfy any debt or liability of such person, except as may be necessary to satisfy (i) an order of a court concerning divorce, separate maintenance or child support under chapters two hundred and eight, two hundred and nine, and two hundred and seventy-three or (ii), in the event of the conviction of such person of a crime, an order of a court requiring him to satisfy a monetary penalty or make restitution to the victim of such crime. The exemption in this section for plans maintained by an individual shall not apply to sums deposited in said plans in excess of seven percent of the total income of such individual within five years of the individual's declaration of bankruptcy or entry of judgment.

Mass.Gen.Laws Ann. ch. 235, § 34A (West Supp.1994).

Dean Witter argues that ERISA preempts the state statute rendering it invalid. Section 1144(a) of Title 29 of the United States Code ("ERISA") states that the provisions of ERISA supersede "any and all State laws

allowed by M.G.L. c. 235, § 34A.

insofar as they may now or hereafter relate to any employee benefit plan. . . ." 29 U.S.C. § 1144(a). ERISA also contains a "savings" clause which provides that "[n]othing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States." *Id.* § 1144(d).

■ The threshold issue is whether M.G.L. c. 235, § 34A is entirely invalid because of ERISA's preemption clause. The majority of circuits agree that ERISA does not preempt state exemption statutes relating to retirement benefits for the reason that state law exemptions are necessary to the enforcement of the Bankruptcy Code because of the power conferred by Congress on the states to enact exemptions. *See In re Schlein,* 8 F.3d 745, 753–54 (11th Cir.1993) (Florida's exemption statute for employee benefit plans was not preempted by ERISA because the state statute was enacted pursuant to the express authority given the states under the Bankruptcy Code, and thus is excepted from preemption under ERISA's savings clause); *In re Vickers,* 954 F.2d 1426, 1429 (8th Cir.1992) (state law provides an exemption for pension plan benefits, which law was enacted pursuant to the authority given states by the Bankruptcy Code, and Congress determined that ERISA shall not impair of supersede any other federal statute); *Matter of Dyke,* 943 F.2d 1435, 1450 (5th Cir.1991) (the Bankruptcy Code is a federal law that ERISA cannot disturb even if the claimed exemption is an ERISA-qualified pension plan). A minority of courts has ruled that ERISA preempts state statutes relating to retirement benefits on the ground that the state exemption provisions do not impair section 522 of the Bankruptcy Code. *See In re Hennessey,* 135 B.R. 711 (Bankr. D.Mass.1992) (ERISA preempts the Massachusetts statute allowing debtors to exempt profit sharing plans; however, the debtor may claim the profit sharing plan exempt under ERISA); *In re Komet,* 104 B.R. 799, 805 (Bankr.W.D.Tex.1989) (Texas statute exempting ERISA profit sharing and pension plans is preempted by ERISA because it interferes with the federal regulatory scheme).

■ This Court is persuaded by the reasoning of the majority that pursuant to the savings clause of ERISA the Massachusetts statute is not preempted by ERISA and respectfully declines to follow that portion of the *Hennessey* decision that holds otherwise. Enforcement of ERISA's preemption clause would undermine section 522's policy of allowing the states to create exemptions. "A holding that state exemption statutes like the one involved in this case, are preempted would alter, amend, or modify the Bankruptcy Code's provision permitting states to set exemptions and the deliberate policy choices of Congress that underlie that provision." *In re Schlein, supra,* at 753–54. ERISA does not preempt M.G.L. c. 235, § 34A because of the effect of the savings clause of 29 U.S.C. § 1144(d).

■ Alternatively, even if the Court were to rule that ERISA had a preemptive effect on the state statute, the preemption would be limited to ERISA plans and would not apply to IRA accounts. An IRA account is not an ERISA qualified employee benefit plan. It is a self-settled account established under the Internal Revenue Code. *See* 26 U.S.C. § 408(a). An IRA is not established or maintained by an employer or employee organization and is not covered by ERISA. *See* 29 U.S.C. § 1002(2)(A); 29 C.F.R. 2510.3–2(d)(1). Accordingly, an IRA account is outside the preemptive scope of ERISA. *In re Martin,* 102 B.R. 639, 644 (Bankr. E.D.Tenn.1989) (state statute providing for exemption of retirement funds qualified under the Internal Revenue Code was not preempted by ERISA as ERISA does not apply to IRA accounts); *In re Laxson,* 102 B.R. 85, 89 (Bankr.N.D.Tex.1989) (IRAs are not the type of accounts that fall under the ERISA legislation). Since ERISA does not apply to IRA accounts, ERISA does not preempt M.G.L. c. 235, § 34A.

The court in *Hennessey* did not consider whether that portion of the Massachusetts statute concerning IRA accounts was severable from the portion relating to ERISA plans since the retirement benefit at issue was an ERISA profit sharing plan. It did note by way of *dicta* that principles of preemption may require only partial preemption of a

state statute. *In re Hennessey,* 135 B.R. at 715. Accordingly, under principles of severability, even if ERISA preempts those portions of the Massachusetts statute relating to ERISA plans, the provision of M.G.L. c. 235, § 34A exempting non-ERISA IRA accounts survives any preemption by ERISA.

## III. CONCLUSION:

Accordingly, the Court rules that the Massachusetts exemption for IRA accounts is effective and the debtor may exempt his IRA account under applicable state law. Dean Witter's objection to the debtor's exemption of his IRA account is overruled.

### ORDER

In accordance with the Memorandum dated August 30, 1994, the Court rules that the Massachusetts exemption for IRA accounts is effective and the debtor may exempt his IRA account in an amount not in excess of seven percent of his total income within five years of the date of the filing of his bankruptcy petition under applicable state law. The objection of Dean Witter Reynolds, Inc. to the debtor's exemption of his IRA account is overruled.