In re Joseph L. SIROIS, Jr., Debtor.

Bankruptcy No. 91–20101–JNG.

United States Bankruptcy Court,
D. Massachusetts.

Aug. 21, 1992.

Barry L. Levine, Lynnfield, Mass., William Terrence Jones, Maselan & Jones, P.C., Boston, Mass., for debtor.

Thomas R. Kolb, Rubin and Rudman, Boston, Mass., Kathleen F. Dwyer, Ardiff & Morse, P.C., Danvers, Mass., for trustee-special counsel.

## MEMORANDUM

JAMES A. GOODMAN, Bankruptcy Judge.

### I. Introduction

Dr. Joseph L. Sirois, Jr., the Debtor ("Sirois" or the "Debtor"), filed a voluntary Chapter 7 petition on November 7, 1991. Pursuant to 11 U.S.C. § 522(b)(2)(A)[1], the Debtor, citing the anti-alienation provision of section 206(d)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1056(d)(1),[2] and Mass.Gen. Laws ch. 235, § 34A[3] claimed as an exemption his interest in the Haverhill Radiological Associates Inc. profit sharing plan in the amount of $466,000. Kathleen P. Dwyer, the Chapter 7 Trustee (the "Trustee"), filed objections to the claimed exemption. After reviewing briefs from both parties and the recent United States Supreme Court ruling in *Patterson v. Shumate*, — U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), this Court overrules the Trustee's objections and holds that the Debtor's interest in the plan, if that plan is ERISA qualified, is excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2)[4].

---

1. Section 522(b)(2)(A) provides in relevant part:

   (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—
   (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition.... 11 U.S.C. § 522(b)(2)(A).

2. Section 1056(d)(1) provides: "Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1).

3. Section 34A provides:

   The right or interest of any person in an annuity, pension, profit sharing or other retirement plan maintained in accordance with the federal Employee Retirement Income Security Act of 1974 ... shall be exempt from the operation of any law relating to insolvency and shall not be attached or taken on execution or other process to satisfy any debt or liability of such person except as may be necessary to satisfy (i) an order of a court concerning divorce, separate maintenance or child support ... or (ii), in the event of the conviction of such person of a crime, an order of a court requiring him to satisfy a monetary penalty or make restitution to the victim of such crime.
   Mass.Gen. Laws c. 235, § 34A (West 1986 & Supp.1992).

4. Section 541(c)(2) provides: "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2).

## II. Discussion

Although this Court did not conduct an evidentiary hearing, and took the Trustee's objections under advisement after brief oral argument, it appears to be undisputed that the Debtor is a founder, the president, a director and a 25% stockholder of Haverhill Radiological Associates, Inc. ("HRA"). The Debtor also is employed by HRA as a medical doctor and practicing radiologist. Some time prior to 1980, HRA established a profit sharing plan (the "plan") to benefit its employees. The Debtor alleges that the plan is an active ongoing plan which covers approximately twelve HRA employees in addition to the Debtor.

The Trustee alleges, and the Debtor does not dispute, that the Debtor has been significantly involved with the establishment and administration of the plan, including acting as trustee and co-trustee of the plan.

The Debtor's schedules show that the Debtor has debts totalling approximately $780,000, secured by real estate with a combined market value of $570,000, leaving a deficiency of $210,000. Additionally, the Debtor lists total unsecured, nonpriority debt of $425,000, which includes an outstanding loan from HRA in the amount of $15,000. The Debtor's schedules also show $660,000 worth of real property, most of which is encumbered by the mortgages noted above, and $483,050 of personal property and other assets. Of this latter amount, $466,000 represents the Debtor's interest in the profit sharing plan.

The Trustee has objected to the Debtor's claimed exemption on several grounds. The Trustee asserts (1) that ERISA preempts Mass.Gen. Laws c. 235, § 34A; (2) that the "other Federal law" provision of section 522(b)(2)(A) of the Bankruptcy Code does not include this plan; (3) that the Debtor's involvement as a stockholder, officer and director of HRA precludes exemption of his interest in the plan; (4) that no exemption is available because the plan does not qualify under section 401(a) of the Internal Revenue Code[5]; (5) that no exemption is available to the extent of the amount available to the Debtor as a loan under the plan, which is $50,000; (6) that allowing an exemption would be inequitable under the circumstances of this case.

In her brief in support of her objections, the Trustee only addresses the issues of whether the Debtor's interest in the plan is properly claimed as exempt under § 522(b)(2)(A) either because of a valid state exemption law or a federal law other than the Bankruptcy Code.

The Debtor, relying on *In re Hennessey,* 135 B.R. 711 (Bankr.D.Mass.1992), and *In re White,* 131 B.R. 526 (Bankr.D.Mass. 1991), argues that his pension plan interest is exempt under section 522(b)(2)(A). He also asserts, in the alternative, that his interest in the plan is not property of the estate under 11 U.S.C. § 541(c)(2).

In light of *Patterson v. Shumate, supra,* this Court determines that, if the Debtor's plan is in fact ERISA-qualified, the Debtor's alternative argument is correct and the Trustee's objections numbered (1) and (2) above must be overruled.

In *Patterson,* the debtor contended that his interest in an ERISA-qualified pension plan was excluded from his bankruptcy estate by the "applicable nonbankruptcy law" provision of 11 U.S.C. § 541(c)(2). The question before the Supreme Court was whether the anti-alienation provisions of ERISA constitute "applicable nonbankruptcy law."

The Court looked at "the plain language" of the Bankruptcy Code and ERISA to determine that section 541(c)(2) includes federal as well as state law. —— U.S. at ——, 112 S.Ct. at 2246. It stated "[n]othing in § 541 suggests that the phrase 'applicable nonbankruptcy law' refers, as petitioner contends, exclusively to *state* law. The text contains no limitation on 'applicable nonbankruptcy law' relating to the source of the law." *Id.* (emphasis in original). The Court concluded, "[p]lainly read,

---

**5.** 26 U.S.C. § 401(a) contains thirty requirements that a plan must comply with in order to be a qualified plan. The Court cannot determine whether the plan in question here complies with section 401(a) because the Court has not received copies of the plan documents. Neither party has presented argument on this specific issue.

the provision encompasses any relevant nonbankruptcy law, including federal law such as ERISA." *Id.* —— U.S. at ——, 112 S.Ct. at 2247.

The *Patterson* decision dictates the outcome of this case. The Trustee has raised six arguments against the *exemption* of the Debtor's interest. However, *Patterson* mandates that a debtor's interest in an ERISA-qualified plan never enters the estate in the first place. This Court, therefore, need not reach the exemption issues at all, if the profit sharing plan at issue is ERISA-qualified.

### III. Conclusion

Assuming that the pension plan is qualified under ERISA and the Internal Revenue Code, the Debtor's interest in HRA's profit sharing plan is excluded from his bankruptcy estate by the "plain language" of section 541(c)(2). The Trustee shall have 10 days from the date of this memorandum to submit to the Court evidence that would substantiate any of her remaining objections to the Debtor's interest in the profit sharing plan, particularly with respect to the plan's failure to qualify under ERISA or the Internal Revenue Code.

The foregoing shall constitute conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. An appropriate order shall issue.